UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WIENDI MORGAN, | Case No. 2:25-cv-1467-DJC-JDP (PS) |
| Plaintiff, | |
| v. | ORDER |
| MATTHEW LEAVENS, *et al.*, | |
| Defendants. | |

     Plaintiff Wiendi Morgan, proceeding without counsel, filed this action against correctional officer Matthew Leavens and investigative services unit officer Kevin Fong. Plaintiff's claims appear to be time-barred. I will dismiss the complaint with leave to amend to afford plaintiff an opportunity to address the statute of limitations. I will also grant plaintiff's application to proceed *in forma pauperis*, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

     A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

     A complaint must contain a short and plain statement that plaintiff is entitled to relief,

1

1  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
2  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
3  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
4  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
5  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
6  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
7  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
8  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
9  n.2 (9th Cir. 2006) (en banc) (citations omitted).

10  The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
11  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
12  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
13  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
14  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
15  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
16  1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

18  The complaint alleges that in January 2020, plaintiff alleges defendants wrongfully
19  arrested her for bringing drugs into prison, and that they were motivated to do so by her race and
20  prior criminal history.  ECF No. 1 at 5.  Plaintiff states that she was detained at 11:30 a.m. and
21  released at 4:00 p.m.  *Id.* at 6.  The charges against plaintiff were dismissed on May 26, 2023.  *Id.*
22  However, while the charges were pending, plaintiff was unable to visit her husband in prison.  *Id.*
23  Plaintiff brings claims under the Fourth and Fifth Amendment.  *Id.* at 4.

24  The claims appear to be time-barred.  Section 1983 does not contain its own statute of
25  limitations.  In the absence of a statutorily established limitations period, the federal courts
26  "'apply the forum state's statute of limitations for personal injury actions, along with the forum
27  state's law regarding tolling, including equitable tolling, except to the extent any of these laws is
28  inconsistent with federal law.'"  *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007)

(quoting *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004)). California's statute of limitations for personal injury claims is two years. *See* Cal. Civ. P. Code § 335.1; *Canatella*, 486 F.3d at 1132. Because the incident complained about occurred over five years ago, it appears that the claims are barred.

I will dismiss the complaint with leave to amend so that plaintiff may have an opportunity to remedy this deficiency. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:    May 29, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3