UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WIENDI MORGAN,

Plaintiff,

v.

MATTHEW LEAVENS, *et al.*,

Defendants.

Case No.   2:25-cv-1467-DJC-JDP (PS)

FINDINGS AND RECOMMENDATIONS

Plaintiff, proceeding *pro se*, brings this case against defendants Matthew Leavens, a correctional officer at California State Prison-Sacramento ("CSP-Sac"), and Keving Fong, an investigative services unit officer at the same institution. ECF No. 5 at 2. She alleges that her rights were violated in January 2020, when she was wrongfully arrested for transporting drugs into the prison. *Id.* at 5-6. Defendants have moved to dismiss her claims as time-barred, ECF No. 11, and plaintiff has filed an opposition, ECF No. 15. I recommend, for the reasons stated hereafter, that defendants' motion be granted in part. Specifically, I recommend that plaintiff's unlawful arrest claims be dismissed without leave to amend as time-barred. I find that her malicious prosecution claims are not, as defendants argue, time-barred.

1

## I.      Legal Standards

A complaint may be dismissed under that rule for "failure to state a claim upon which relief may be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. Iqbal, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956.  Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

## II.      Analysis

Plaintiff alleges that she was wrongfully arrested for bringing drugs into CSP-Sac on January 19, 2020.  ECF No. 5 at 9.  The initial complaint in this action was filed on May 27, 2025.  ECF No. 1.  A section 1983 action like the one at bar "app[ies] the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (citing *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir.1999)).

To the extent plaintiff raises an unlawful arrest claim, it is plainly time-barred insofar as it

2

accrued in 2020. *See Harrell v. Belyea*, No. 2:15-cv-0576-JAM-AC, 2018 U.S. Dist. LEXIS 73493, *9-10 (E.D. Cal. May 1, 2018) (noting that unlawful arrest claims are subject to a two-year statute of limitations under California law and accrue on the date of arrest). I note that plaintiff does not appear to contest the untimeliness of her unlawful arrest claims in her opposition; she addresses only the timeliness of her malicious prosecution claims. ECF No. 15 at 2-3. And those malicious prosecution claims are not time-barred. The two-year statute of limitations for malicious prosecution commences on the date that the criminal proceedings favorably terminate. *See Powelson v. Havel*, No. 24-cv-08245-JST, 2025 U.S. Dist. LEXIS 186359, *13 (N.D. Cal. Sept. 22, 2025). Here, plaintiff alleges that the charges brought against her in connection with the incident were dismissed on May 26, 2023. ECF No. 5 at 10. Thus, normally, the last day to bring her malicious prosecution claim was May 26, 2025. She brought the complaint a day later, on May 27, 2025. ECF No. 1. However, as she points out in her opposition, May 26, 2025, was a federal holiday (Memorial Day) and, thus, the statute of limitations expired the next day, May 27, 2025. *See Elsmore v. California*, No. 5:24-cv-00919-RGK-BFM, 2025 U.S. Dist. LEXIS 15255, *4 (C.D. Cal. Jan. 28, 2025).

### III.   Conclusion

Accordingly, it is RECOMMENDED that defendants' motions to dismiss, ECF No. 11, be GRANTED in part and her claims stemming from her allegations of unlawful arrest be DISMISSED without leave to amend as time-barred. The motion should be denied in all other respects.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

1991).

IT IS SO ORDERED.

Dated:     June 24, 2026

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE